**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

TERI FREUND, *on behalf of herself
and all others similarly situated,*

      Plaintiff,

v.

MEDICAL & FINANCIAL MANAGEMENT, INC.*,
a Florida Corporation,*

      Defendant.
_____/

**CLASS ACTION COMPLAINT**

1.     Plaintiff alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* ("*FDCPA*").

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*.

3.     Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

**PARTIES**

4.     Plaintiff, Teri Freund, ("Plaintiff") is a natural person, and citizen of the State of Florida, residing in Saint Lucie County, Florida.

1

5. Defendant, Medical & Financial Management, Inc., ("Defendant") is a Florida Corporation and is engaged in the business of collecting consumer debts, which operates from offices located at 2127 SE Ocean Boulevard, Stuart, Florida 34996.

6. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts.

7. Defendant is licensed in Florida as a consumer collection agency under the name Medical And Financial Management Inc., license number CCA9902464.

8. Defendant regularly collects or attempts to collect consumer debts for other parties. Defendant is a "debt collector" as defined by the *FDCPA*.

9. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## **FACTUAL ALLEGATIONS**

10. Defendant sought to collect a consumer debt from Plaintiff arising from a medical debt. The debt was incurred primarily for personal, household or family use. The debt was not incurred for any commercial purpose.

11. On or about July 11, 2016, Defendant mailed Plaintiff a demand letter seeking payment of an alleged debt. (The "Demand Letter" is attached hereto as "Exhibit 1").

12. The Demand Letter states in part:

Our company is MFMI Collection Service Inc.

xxxx

Unless you dispute the validity of the debt or any portion thereof within thirty days of receipt of this notice, MFMI Collection Service, Inc will assume the debt to be valid. You **must** notify us in writing within that 30 day period if you dispute this debt. We will obtain verification of the debt or a copy of a judgement against you and we will mail a copy of such verification or judgement to you.

(emphasis added).

13. The reverse side of page 1 of the Demand Letter states in part:

Please submit your payment within 21 days.

14. The Demand Letter is on the letter head of MFMI, Inc. The Demand Letter is addressed from MFMI, Inc.

15. The Demand Letter states on page 1 that the Demand Letter is from "MFMI Collection Service, Inc." and on page 2 of the Demand Letter it states that it is from "MFMI Collection Service."

16. MFMI, Inc. is not an existing corporation.

17. MFMI, Inc. does not have a consumer debt collection license as mandated by *Florida Statutes § 559.553*.

18. MFMI Collection Service is not an existing business entity.

19. MFMI Collection Service was registered as a fictitious name in Florida in 1992. The owner of the fictitious name was Defendant, Medical & Financial Management Inc.

20. The registration of the fictitious name MFMI Collection Service expired in 2007.

21. MFMI Collection Service does not have a consumer debt collection license as mandated by *Florida Statutes § 559.553*.

22. MFMI Collection Service, Inc. is not an existing corporation.

23. MFMI Collection Service, Inc. does not have a consumer debt collection license as mandated by *Florida Statutes § 559.553*.

24. The name of the debt collector Defendant, Medical & Financial Management Inc., does not appear anywhere on the Demand Letter.

25. The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

26. *15 U.S.C. §1692g(a)* states:

> Validation of debts.
>
> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, **or any portion thereof**, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

27. Defendant's failure to obtain a consumer debt collection license as mandated by *Florida Statutes § 559.553*, for MFMI, Inc., MFMI Collection Service and/or MFMI Collection Service, Inc., while actively engaging in debt collection while using the names MFMI, Inc., MFMI Collection Service, and/or MFMI Collection Service, Inc., violates the *FDCPA*.

28. Defendant's demand for payment within 21 days overshadows Plaintiff's 30 day dispute period and therefore violates the *FDCPA*.

29. Defendant's statement that Plaintiff "**must**" notify the Defendant in writing is false and misleading and therefore a violation of the *FDCPA* as *15 U.S.C. § 1692g(a)(3)* contains no writing requirement in order for the Plaintiff to dispute the debt.

30. Defendant's omission of the phrase that Plaintiff may dispute "any portion thereof" of the debt, as stated in *15 U.S.C. § 1692g(a)(4)* is a violation of the *FDCPA*.

31. Defendant's statement "We will obtain verification of the debt or a copy of a judgment against you and we will mail a copy of such verification or judgement to you." is false and misleading and therefore a violation of the *FDPCA* as *15 U.S.C. § 1692g(a)(4)* requires Plaintiff to request verification of the debt in writing.

32. *15 U.S.C. § 1692e(10) - (11),* and *(14)* state:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or means to collect or attempt to collect a debt or to obtain information concerning a consumer.
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

5

xxxx

> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

33. The Defendant's Demand Letter fails to disclose that the Defendant is a debt collector, that the letter is an attempt to collect a debt, and that any information obtained will be used to that purpose as required by *15 U.S.C. § 1692e(11)*, and is therefore a violation of the *FDCPA*.

34. The Defendant's Demand Letter purports to be from MFMI, Inc., MFMI Collection Service, Inc. and/or MFMI Collection Service, none of which are the true name of Defendant Medical & Financial Management, Inc., and is therefore a violation of *15 U.S.C. § 1692e(14)*.

35. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

36. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the State of Florida (ii) to whom initial communication letters were mailed, delivered or caused to be mailed or delivered by Defendant (iii) that were purported to be sent by MFMI, Inc. (iv) that contained the phrases "Unless you dispute the validity of the debt or any portion thereof within thirty days of receipt of this notice, MFMI Collection Service, Inc will assume the debt to be valid.  You must notify us in writing within that 30 day period if you dispute this debt.  We will obtain verification of the debt or a copy of a judgement against you and we will mail a copy of such verification or judgement to you." (v) that were not returned undeliverable by the U.S. Post Office (vi) in an attempt to collect a debt incurred for personal,

family, or household purposes (vii) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

37. Plaintiff alleges on information and belief that Defendant's practice of sending initial communication letters that were purported to be sent by MFMI, Inc. and did not contain the disclosures required by *15 U.S.C. § 1692g(a)* and *15 U.S.C. § 1692e* served upon the Class is so numerous that joinder of all members of the Class is impractical.

38. There are questions of law or fact common to the Class. The common issues predominate over any issues involving only individual Class members. The common legal and factual issue to each Class member is that each was mailed or delivered an initial communication letter by Defendant that purported to be sent by MFMI, Inc. and did not contain the disclosures required by *15 U.S.C. § 1692g(a)* and *15 U.S.C. § 1692e.*

39. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

40. Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

41. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. Plaintiff requests certification of a Class under *Rule 23(b)(3)*, of the *Federal Rules of Civil Procedure*, for monetary damages; her appointment as Class Representative; and that her attorney Leo W. Desmond be appointed Class Counsel.

## COUNT I CLASS CLAIM
## VIOLATION OF *15 U.S.C. § 1692g(a)*

43. Plaintiff re-alleges Paragraphs 1 through 35.

44. After an initial communication with Plaintiff, pursuant to *15 U.S.C § 1692g(a)* the Defendant must provide the Plaintiff with:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, **or any portion thereof**, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

45. Pursuant to the *FDCPA,* the Demand Letter was an initial communication between Defendant and Plaintiff.

46. Defendant's Demand Letter did not contain the disclosures required by the *15 U.S.C. § 1692g(a)* and *15 U.S.C. § 1692e* of *FDCPA*.  Defendant has attempted to mislead the Plaintiff and the Class into believing that the Demand Letter contained the proper notice required under the *FDCPA*.

47. Defendant's Demand Letter would be misleading to the least sophisticated consumer with regard to his/her legal rights as it incorrectly omits that the consumer may dispute any portion of the debt, despite the clear wording of *15 U.S.C. § 1692g(a)(4)*.

48. Defendant's statement that Plaintiff "**must**" notify the Defendant in writing is false and misleading and therefore a violation of the *FDCPA* as *15 U.S.C. § 1692g(a)(3)* contains no writing requirement in order for the consumer to dispute the debt or any portion thereof.

49. Defendant's statement "We will obtain verification of the debt or a copy of a judgement against you and we will mail a copy of such verification or judgement to you." is false statement as *15 U.S.C. § 1692g(a)(4)* requires the consumer to send a written request for verification of the debt.

50. Defendant's Demand Letter requests payment of the debt within 21 days.

51. Defendant's demand for payment within 21 days overshadows Plaintiff's 30 day dispute period and therefore violates *15 U.S.C. § 1692g*.

52. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

53. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## COUNT II CLASS CLAIM
## VIOLATION OF *15 U.S.C. § 1692e*

54.     Plaintiff re-alleges Paragraphs 1 through 35 and 44 through 51.

55.     *15 U.S.C. §§ 1692e(2)(B),(5),(10), (11)* and *(14)* state:

>   A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>   xxxx
>
>   (2) The false representation of—
>
>   xxxx
>
>   (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
>   xxxx
>
>   (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
>   xxxx
>
>   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
>   (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.
>
>   xxxx

> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

56.     Defendant sent a Demand Letter to Plaintiff that was an initial communication used in the collection of a debt between Defendant and Plaintiff.

57.     The Demand Letter is on the letter head of MFMI, Inc. The Demand Letter is addressed from MFMI, Inc.

58.     The Demand Letter also claims to be from MFMI Collection Service and MFMI Collection Service, Inc.

59.     MFMI, Inc. is not an existing corporation.

60.     MFMI, Inc. does not have a consumer debt collection license as mandated by *Florida Statutes § 559.553*.

61.     MFMI Collection Service is not an existing business entity.

62.     MFMI Collection Service does not have a consumer debt collection license as mandated by *Florida Statutes § 559.553*.

63.     MFMI Collection Service, Inc. is not an existing corporation.

64.     MFMI Collection Service, Inc. does not have a consumer debt collection license as mandated by *Florida Statutes § 559.553*.

65.     The name of the debt collector Defendant, Medical & Financial Management Inc., does not appear anywhere on the Demand Letter.

66.     The Defendant's Demand Letter purports to be from MFMI, Inc., MFMI Collection Service, Inc. and/or MFMI Collection Service, none of which is the true name of Defendant Medical & Financial Management, Inc., and is therefore a violation of *15 U.S.C. § 1692e(14)*.

67. Defendant's failure to obtain a consumer debt collection license as mandated by *Florida Statutes § 559.553*, for MFMI, Inc., MFMI Collection Service and/or MFMI Collection Service, Inc., while actively engaging in debt collection while using the names MFMI, Inc. and MFMI Collection Service and/or MFMI Collection Service, Inc., violates *15 U.S.C. § 1692e.*

68. Defendant's statement that Plaintiff "**must**" notify the Defendant in writing is misleading and confusing as *15 U.S.C. § 1692g(a)(3)* contains no writing requirement to dispute the debt, and therefore violates *15 U.S.C. § 1692e*

69. Defendant's omission of the phrase that Plaintiff may dispute "any portion thereof" of the debt, as stated in *15 U.S.C. § 1692g(a)(4)* is misleading and confusing and therefore violates *15 U.S.C. § 1692e.*

70. Defendant's statement, "We will obtain verification of the debt or a copy of a judgment against you and we will mail a copy of such verification or judgement to you." is false and misleading and therefore a violation of *15 U.S.C. § 1692e,* as the consumer must send in a written request for verification of the debt as stated by *15 U.S.C. § 1692g(a)(4).*

71. Defendant's Demand Letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

72. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k.*

73. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. § 1692k.*

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying the *FDCPA* matter as a Class Action and appointment of Plaintiff as Class Representative;

    b. An Order appointing Leo W. Desmond as Class Counsel;

    c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

    d. An award of attorney's fees, litigation expenses and costs of the instant suit;

    e. Any and all prejudgment interest rendered by law; and

Such other and further relief as the Court deems proper.


Dated: September 16, 2016.

                              Respectfully submitted,

                              By:/s/ *Leo W. Desmond*
                              Leo W. Desmond, Esq.
                              Florida Bar No. 0041920
                              DESMOND LAW FIRM, P.C.
                              5070 Highway A1A
                              Suite D
                              Vero Beach, Florida 32963
                              Telephone: 772.231.9600
                              Facsimile: 772.231.0300
                              lwd@verobeachlegal.com
                              *Attorney for Plaintiff*

                              */s/ Sovathary K. Jacobson*
                              Sovathary K. Jacobson, Esq.
                              Florida Bar No. 102200
                              DESMOND LAW FIRM, P.C.
                              5070 Highway A1A
                              Suite D
                              Vero Beach, Florida 32963
                              Telephone: 772. 231.9600
                              Facsimile: 772.231.0300
                              jacobson@verobeachlegal.com
                              *Attorney for Plaintiff*